# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHANNA M. SULLIVAN, | ) | 1:06cv01333 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR FEES |
| v. | ) | |
| | ) | (Document 32) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Harvey P. Sackett ("Counsel"), attorney for Plaintiff Johanna Brewer, filed the instant petition for fees on August 25, 2008. Counsel requests fees in the amount of $22,222.50 pursuant to 42 U.S.C. § 406(b)(1). The petition has been referred to the undersigned for Findings and Recommendation to the District Court.

Defendant filed a response to Counsel's request on October 15, 2008. Defendant explains that it does not enter into agreements regarding the payment of section 406(b) fee requests because the requests are made pursuant to contingency fee agreements to which the Defendant is not a party and the money at stake ultimately comes from Plaintiff's past due benefits award. Nevertheless, Defendant presents its analysis of the fee request to the Court and does not object to Counsel's request.

**BACKGROUND**

Plaintiff filed her social security complaint on September 20, 2006. On September 26, 2007, pursuant to the parties' stipulation and after Plaintiff had filed her opening brief, the Court remanded the action for further proceedings.

On December 14, 2007, the Court granted the parties' stipulation and ordered payment of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,500.00.[1]

On February 27, 2008, the Administrative Law Judge issued a fully favorable decision. Exhibit A, attached to Petition. According to Counsel, Plaintiff received $88,890.00 in retroactive benefits. However, there is no documentation of the exact amount of the retroactive award. He further states that $22,222.50, which equals 25 percent of the retroactive benefit award, has been withheld for prospective payment of attorneys' fees.

The documentation before the Court, however, shows that a total amount of $22,080 has been withheld. Although Counsel seeks an award of $22,222.50, there is no support for this figure and the Court will therefore use $22,080 in deciding this motion.[2]

Counsel therefore seeks $22,080 for 43.35 hours of work before this Court. After crediting $6,500.00 received previously pursuant to the EAJA, Counsel requests a net fee of $15,580 from the past due award.

**DISCUSSION**

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

---

[1] The award was payable to Harvey P. Sackett, as Plaintiff's assignee and subject to reservation of rights.

[2] The documentation before the Court shows that $16,555.25 has been withheld from Plaintiff's retroactive benefit award (Exhibit B, attached to Petition) and $5,524.75 has been withheld from a retroactive award for Andrew Perez, as Plaintiff's auxiliary beneficiary (Exhibit A, attached to Response to Request for Further Briefing). This totals $22,080.

1   In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a
2   district court reviews a petition for section 406(b) fees "as an independent check" to assure that
3   contingency fee agreements between claimants and their attorneys will "yield reasonable results
4   in particular cases." Agreements are not enforceable to the extent that they provide for fees
5   exceeding 25 percent of the past-due benefits. *Id.* "Within the 25 percent boundary. . . the
6   attorney for the successful claimant must show that the fee sought is reasonable for the services
7   rendered." *Id.*

8   In determining the reasonableness of an award, the district court should consider the
9   character of the representation and the results achieved. *Id.* Ultimately, an award of section
10  406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412;
11  *Gisbrecht*, 535 U.S. at 796.

12  Here, Counsel states that he spent 43.35 hours representing Plaintiff before this Court.
13  For these hours, he requests a total of $22,080, which appears to be approximately 25 percent of
14  Plaintiff's past due award.[3] This results in an effective rate of $359.40. The Court finds that this
15  amount is reasonable given the substantive work performed before this Court, which included
16  preparation and filing of Plaintiff's opening brief, and the favorable result obtained for Plaintiff.

## **RECOMMENDATION**

18  Based on the foregoing, the Court recommends that the petition be GRANTED and
19  recommends an award in the amount of $22,080, less $6,500 awarded for EAJA fees, for a net
20  award of $15,580.

21  These findings and recommendations will be submitted to the Honorable Lawrence J.
22  O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after
23  being served with these Findings and Recommendations, the parties may file written objections
24  with the court. The document should be captioned "Objections to Magistrate Judge's Findings

---

[3] Again, the Court does not have documentation of Plaintiff's exact past due award. However, given that the SSA withheld $16,555.25 for attorneys' fees, it appears likely that Plaintiff's past due award was approximately $66,221. When combined with her beneficiary's past due award of $22,090, this amounts to a total past due benefit award of $88,311.

3

and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


   IT IS SO ORDERED.

   **Dated:**   **October 21, 2008**             /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE